## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

THEODORE SERVELLO,                                    Case No. 24-cv-11894

      Plaintiff,

  v.

SCOTT ANDREW RENNER, an individual;
VELO ASSOCIATES PLC, a domestic professional
limited liability company, D/B/A VELO LAW OFFICE,
D/B/A VELO LAW, D/B/A VELO GROUP,
D/B/A VELO COLLECT, D/B/A VLO,
D/B/A SEVENTY FIFTY CAPITAL.

      Defendants.

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.    Plaintiff, THEODORE SERVELLO ("SERVELLO" or "Plaintiff"), brings this putative class action against Defendant SCOTT ANDREW RENNER ("RENNER") and VELO ASSOCIATES, PLC, (collectively Defendants), under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Regulation of Collection Practices Act, MCL 445.251 *et seq,* for filing suit on a time barred debt and further asserting frivolous additional counts of Account Stated and Unjust Enrichment when an express contract attached to the state court complaint existed.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), and 15 U.S.C. §1692k(d) (FDCPA), and under 28 U.S.C. § 1337 has supplemental jurisdiction over the state law claims as they arise out of a common nucleus of operative facts.

3.     Venue and personal jurisdiction over Defendants are proper because:

   a.  Defendants' conduct complained of towards SERVELLO occurred in Wayne County, Michigan;

   b.  Defendants purposefully file numerous state court collection lawsuits on behalf of alleged creditors against alleged debtors in counties located within the District; and

   c.  SERVELLO lives in Wayne County, Michigan.

**PARTIES**

4.     VELO, who holds itself out as a collection agency and law firm in one, is owned by or its president is Scott Andrew Renner, a licensed attorney in the State of Michigan who is licensed to practice law in several states: Michigan Bar No. P73003, North Dakota Bar ID 09959, Ohio Attorney Registration Number 99691, Indiana Attorney Number 33897-76, Montana date of admission 5/25/2010.

5.     RENNER established the policies, procedures, and practices of VELO.

6.     VELO is a Domestic Professional Limited Liability Company, with its

2

principal place of business located at 1750 Leonard St., NE, Grand Rapids, MI, and

its registered agent is Cascade Agent Solutions, LLC, 1740 Leonard St., NE, Grand

Rapids, MI, but according to Kent Count, no address exists for 1740 Leonard St.,

NE, Grand Rapids, MI, only 1750 Leonard St., NE, Grand Rapids, MI, exists:



And 1750 Leonard St., NE, Grand Rapids, MI, is owned by Rouge Properties, LLC,

its Registered Agent Cascade Agent Solutions, LLC, 1740 Leonard St., NE, Grand

Rapids, MI, and Rouge Properties, LLC, is on information and belief a company

established by RENNER to, in part, avoid potentially higher class action damages in

cases brought under the Fair Debt Collection Practices Act, using Doris Hendrain as

the "Organizer", whom was approximately 90 years old at the time Rouge

Properties, LLC's Articles of Organization were filed with the State of Michigan,

and who at the time was RENNER's great aunt.

7.     RENNER went to law school specifically to be a debt collector attorney

8.     VELO represents creditors in collecting past-due accounts.

9.     Defendants file, or cause to be filed, collection lawsuits on behalf of others in the State of Michigan, and other states.

10.    VELO's revenue primarily comes from the collection of debts.

11.    VELO engages in a volume debt collection business having collected hundreds of millions of dollars for creditors throughout the country.

12.    On information and belief, RENNER's business revenue primarily comes from the collection of debts.

13.    VELO is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

14.    RENNER is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

15.    RENNER is a "debt collector as that term is defined 15  U.S.C.  § 1692a(6).

16.    VELO is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995).

17.    SERVELLO is a natural person and is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3)

18.     RENNER, and VELO and its employee/agents, are "regulated persons" as defined by MCL 445.251(g) (x), (xi) in the, MCL 445.251, et seq., i.e. the Regulation of Collection Practices Act.

19.     SERVELLO is a person whom the Regulation of Collection Practices Act was intended to protect. *See* MCL 445.251(d).

## FACTS

20.     On or about July 31, 2023, Defendants filed or caused to be filed a document titled "**COMPLAINT**" in the 27th Judicial District Court for the County of Wayne, captioned *Zeal Credit Union vs Theodore Servello*, assigned case number, 23-1910-GC, a copy of which is attached as Exhibit A.

21.     Attached to the **COMPLAINT** was a document titled "Loan and Security Agreements and Disclosure Statement" in which the lender took a "Security" on "Collateral" a "CHEVROLET TRUCK".  (Exhibit A).

22.     The "CHEVROLET TRUCK" and the proceeds from the "Loan and Security Agreements and Disclosure Statement" was used by SERVELLO for personal, family or household purposes.

23.     SERVELLO was served with the **COMPLAINT**.

24.    SERVELLO obtained counsel to defend the lawsuit against him and through counsel, filed "DEFENDANT'S MOTION FOR SUMMARY DISPOSITION MCR. 2.116(C)(7) & (10)".

25.    SERVELLO's motion for summary disposition argued that the 4-year statute of limitations applied to the debt and therefore the breach of contract claim was barred by the 4-year statute of limitations.

26.    SERVELLO's motion for summary disposition argued that if the debt arose from a contract, that only a breach of contract claim could be pursued as a matter of Michigan law.

27.    SERVELLO incurred actual costs of $20 (twenty dollars) for the motion fee paid to file "DEFENDANT'S MOTION FOR SUMMARY DISPOSITION MCR. 2.116(C)(7) & (10)".

28.    Subsequently VELO filed "**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY DISPOSITION, BRIEF IN SUPPORT & PROOF OF SERVICE**".

29.    VELO filed a "**SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY DISPOSITION AND PROOF OF MAILING**" dated March 14, 2024.

30.   On April 9, 2024, the District Court heard oral arguments on SERVELLO's DEFENDANT'S MOTION FOR SUMMARY DISPOSITION MCR. 2.116(C)(7) & (10).

31.   On April 9, 2024, the District Court labeled VELO's arguments as "a very creative argument and lawyering."

32.   On April 9, 2024, the District Court held that, "[a]t the end of the day there is a loan for a vehicle. . . . This is clearly, a deficiency action. . . . And that the four-year statute of limitations applied.  And based upon the timing of the four years and the timing of the filing of this complaint, the Court finds it's outside the statute of limitation.  And, therefore, the Court[ is] going to dismiss this matter with prejudice."

33.   SERVELLO has been monetarily damaged by Defendants' conduct complained of.

34.   SERVELLO will be further damaged by Defendants if Defendants file an appeal of the summary disposition ruling.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
## SUIT ON A TIME BARRED DEBT

35.   SERVELLO incorporates paragraphs 1-34 herein.

36.   In 1996, the Michigan Court of Appeals issued its opinion in *First of America Bank v. Thompson*, 217 Mich. App. 581 (Mich. App. 1996), holding that:

[w]e conclude that a deficiency action, although arising from both a sale of goods and a secured transaction, relates primarily to the sales aspect of the transaction and is thus subject to Article 2's four-year statute of limitations.

*Id.* at 582.

37.    Michigan district courts are required to follow *First of America Bank v. Thompson*, as it is binding upon them.

38.    In 2015, the United States District Court for the Western District of Michigan, examined Michigan law, and held that a creditor cannot circumvent the four-year statute of limitations applicable to a loan and secured interest transaction by labeling the creditor's claim as an account stated or unjust enrichment.  *Harden v Autovest, LLC*, No. 1:15-cv-34, 2015 WL 4583276, at * 2-5 (WD Mich, July 29, 2015).

39.    At the time Defendants filed or caused to be filed the document titled **COMPLAINT** the debt sued upon had been in default for more than four years.

40.    The was no justifiable legal basis for Defendants to file or cause to be filed the **COMPLAINT**.

41.    Congress in enacting the FDCPA sought to protect consumers from among other acts, deceptive and unfair acts, and therefore the Act was not merely procedural, but substantive and of great importance.

42.    The FDCPA broadly prohibits unfair or unconscionable collection methods including filing suit on a time barred debt.  *See e.g. Kimber v. Federal*

*Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987); *Harvey v. Great Seneca Financial Corp*., 453 F.3d 324, 332-33 (6th Cir. 2006); *Herkert v. MRC Receivables Corp*., 655 F. Supp. 2d 870, 875-76 (N.D. Ill. 2009)); *Huertas v. Galaxy Asset Mgmt*., 641 F.3d 28, 32-33 (3d Cir. 2011) (per curiam);

43.    The harm alleged here is precisely the type of misconduct that the Act was intended to protect and therefore an injury-in-fact exists here.

44.    Plaintiff has the legal substantive right not to be sued on the debt due to age of debt.

45.    Plaintiff has the legal substantive right to be informed that the debt he has been sued upon is time barred and that the debt is not legally enforceable.

46.    Exhibit A failing to disclosure that Plaintiff could not be legally sued on the subject debt due to its age violates the FDCPA. *See Buchanan v. Northland Group,* 776 F.3d 393 (6th Cir. 2015).

47.    By filing suit on a time barred debt, Defendants violated 15 U.S.C. §§ 1692e(2)(A), e(5), e(10) which provides:

> (e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> * * *
>     (2)(A) The false representation of — the character, amount, or legal status of any debt; or * * *
>
>     (5)  The threat to take any action that cannot legally be taken * * *

> (10) The use of any false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer.

48.     By filing suit on a time barred debt, Defendants violated 15 U.S.C. § 1692f, which provides, in part, "A debt collector may not use unfair . . . means to collect or attempt to collect any debt. . . ."

49.     Should discovery determine that there are a sufficient number of persons in Michigan whom Defendants filed suit against on barred by the Michigan statute of limitations debt beginning on a date one-year from the filing of this lawsuit and continuing, Plaintiff places Defendant on notice that Plaintiff will seek leave to amend this complaint to assert class allegations for this Court I under the relation back doctrine.

WHEREFORE, Plaintiff individually, and if there exists a class then also on behalf of a class, requests this Court to enter judgment against Defendants for actual damages, statutory damages, attorney's fees and costs provided for under 15 U.S.C. § 1692k.

## COUNT II
## REGULATION OF COLLECTION PRACTICES ACT
## SUIT ON A TIME BARRED DEBT

50.     SERVELLO incorporates paragraphs 1-51 herein.

51.     Federal Court's interpreting the sections of the RCPA look to federal opinions addressing the mirror provisions found in the FDCPA for guidance. *Gamby*

*v. Equifax Info Servs. LLC*, 462 F. App'x 552, 553 (6th Cir. 2012) (unpublished).

52. Defendants filing, or causing to be filed, the **COMPLAINT** violated MCL 445.252(e) which prohibits "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. . . ."

53. Defendants willfully violated MCL 445.252(e).

54. Defendants filing, or causing to be filed, the **COMPLAINT** violated MCL 445.252(f)(ii) which prohibits, "Misrepresenting in a communication with a debtor 1 or more of the following: (ii) The legal rights of the creditor or debtor."

55. Defendants willfully violated MCL 445.252(f)(ii).

56. Should discovery determine that there are a sufficient number of persons in Michigan whom Defendants filed suit against on barred by the Michigan statute of limitations debt beginning on a date six-years from the filing of this lawsuit and continuing, Plaintiff places Defendant on notice that Plaintiff will seek leave to amend this complaint to assert class allegations for this Court II under the relation back doctrine.

WHEREFORE, Plaintiff individually, and if there exists a class then also on behalf of a class, requests this Court to enter judgment against Defendants for actual damages, statutory damages, attorney's fees and costs provided for under MCL 445.257.

## COUNT III
## FAIR DEBT COLLECTION PRACTICES ACT
## FRIVOLOUS CLAIMS OF ACCOUNT STATED
## AND UNJUST ENRICHMENT

57.     SERVELLO incorporates paragraphs 1-34 herein.

58.     While the **COMPLAINT** alleged in paragraph 9, "That if the agreement was based upon a written instrument, a copy of the instrument is within the Defendant (sic) possession.  *(see MCR 2.113(c)(1)(b))*, Defendants attached a copy of the contract between Zeal Credit Union and SERVELLO to the **COMPLAINT**.

59.     Defendants knew there was an underlying contract that served as the basis for the **COMPLAINT**, and the form language used by Defendants is each and every complaint "That if the agreement was based upon a written instrument, a copy of the instrument is within the Defendant (sic) possession.  *(see MCR 2.113(c)(1)(b)"* is asserted without regard to whether there is a contract attached.

60.     In 2002, the Michigan Court of Appeals held that, "[w]hen unjust enrichment exists, the law operates to imply a contract in order to prevent it. However, a contract will be implied only if there is no express contract covering the same subject matter." *Keywell & Rosenfeld v. Bithell*, 254 Mich. App. 300, 327-328, 657 N.W.2d 759 (Mich. App. 2002) (quotation marks and citation omitted).

61.     Therefore, since no later than 2002 Michigan law does not recognize a cause of action for unjust enrichment when a contract exists.

62.     In 2013, the Michigan Supreme Court noted that in Michigan, if a debt arises from a contractual agreement, suit must be filed on that contract's terms. *Fisher Sand & Gravel Co. v. Neal A. Sweebie, Inc.*, 494 Mich. 543, 568 (Mich. 2013); *c.f.* MCL 600.6013(6); *c.f.* MCL 600.6013(7).

63.     In 2015, the United States District Court for the Western District of Michigan, examined Michigan law, and held that a creditor cannot circumvent the four-year statute of limitations applicable to a loan and secured interest transaction by labeling the creditor's claim as an account stated or unjust enrichment.  *Harden v Autovest, LLC*, No. 1:15-cv-34, 2015 WL 4583276, at * 2-5 (WD Mich, July 29, 2015).

64.     On April 2, 2018, at oral arguments in *Sun Homes Inc v Robert E Huff*, 173346 GC, State of Michigan, In the 23rd Judicial District Court for the County of Wayne, Judge Oakley informed VELO, in part:

> THE COURT: Well, once again [Interruption by VELO attorney] this is not just discovery. This is your [Interruption by VELO attorney] main cause of action[.] I mean, you weren't getting anywhere with an account stated on this. [] I don't know how you would have gotten anywhere on--the [] unjust enrichment. So it's a breach of contract case. And the contract you're suing on didn't exist until last week.

65.     Michigan Court Rule, MCR 2.111(A)(2)(a)-(b) provides:

> (2) Inconsistent claims or defenses are not objectionable. A party may
> (a) allege two or more statements of fact in the alternative when in doubt about which of the statements is true;

(b) state as many separate claims or defenses as the party has, regardless of consistency and whether they are based on legal or equitable grounds or on both.

All statements made in a pleading are subject to the requirements of MCR 1.109(D)(3) and (E).

66.    Michigan Court Rule, MCR 1.109(E)(5), (E)(5)(b) provides:

(5) Effect of Signature. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that: * * *
  (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law;

67.    The **COMPLAINT** alleged three counts:  **COUNT I – BREACH OF CONTRACT**;  **COUNT II – ACCOUNT STATED**;  AND  **COUNT III – UNJUST ENRICHMENT**.  (Exhibit A).

68.    Attached to the COMPLAINT was a document titled "ACCOUNT". (Exhibit A).

69.    The document titled "ACCOUNT" is not a statement from the creditor.

70.    The document titled "ACCOUNT" is not a statement that was not previously sent to the debtor.

71.    The document titled "ACCOUNT" was created by Defendants.

72.    The "ACCOUNT" did not detail how Defendants arrived at the amount that was claimed to be owed.

73. The documents Defendants later sent to SERVELLO, via his legal counsel, likewise did not demonstrate how the amount claimed in the "ACCOUNT" was arrived at.

74. The was no justifiable legal basis for Defendants to assert **COUNT II – ACCOUNT STATED**; AND **COUNT III – UNJUST ENRICHMENT**.

75. The harm alleged here is precisely the type of misconduct that the Act was intended to protect and therefore an injury-in-fact exists here.

76. By alleging frivolous claims **COUNT II – ACCOUNT STATED**; AND **COUNT III – UNJUST ENRICHMENT**, Defendants violated 15 U.S.C. §§ 1692e(2)(A), e(5), e(10) which provides:

> (e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> * * *
>   (2)(A) The false representation of — the character, amount, or legal status of any debt; or * * *
>
>   (5) The threat to take any action that cannot legally be taken * * *

## CLASS ALLEGATIONS

77. The proposed class, subject to modification, is defined as: All persons, where Defendants filed a complaint in a Michigan court beginning on a date one-year from the filing of this Complaint, seeking to collect a debt that is not based on a credit card debt or medical debt, in which the complaint alleged in addition to

15

**COUNT I – BREACH OF CONTRACT** also alleged **COUNT II – ACCOUNT STATED** and **COUNT III – UNJUST ENRICHMENT.**

78.    On information and belief, there are more than 40 persons in the class as defined in paragraph 77.

79.    The document titled "ACCOUNT" is a form document used by Defendants in complaints in which **COUNT I – BREACH OF CONTRACT**; **COUNT II – ACCOUNT STATED**; AND **COUNT III – UNJUST ENRICHMENT** are alleged.

80.    There are questions of law and fact common to each class that predominate over any questions affecting only individual class members, whether Defendant's conduct of suing on a non-credit card debt based on a contract but asserting claims **COUNT II – ACCOUNT STATED**; AND **COUNT III – UNJUST ENRICHMENT** conduct violates the RCPA.

81.    SERVELLO will fairly and adequately protect the interests of the Class as he seeks the same injunctive relief, and his claims are common and typical to the injunctive Class defined herein.

82.    SERVELLO has retained Curtis C. Warner, who is counsel experienced in handling class actions, including class actions brought under the FDCPA, obtaining settlements deemed by state and federal courts to be fair, reasonable and adequate. *Waldrep v. Equityexperts.org et al.,* 21-cv-12590 (E.D. Mich. May 28,

2024) (FDCPA); *Rodriguez v. Hirshberg Acceptance Corp., et al.*, 18-cv-240, 20-cv-877 (W.D. Mich. April 10, 2024) (FDCPA); *Schafer v. Allied Interstate LLC, et. al.,* 17-cv-233 (W.D. Mich. July 1, 2021) (FDCPA); *Soto et. al. v. Great America LLC,* 17 CH 1118 (19th Judicial Circuit Court, Lake County, Illinois, June 18, 2021) (FCRA – Receipt); *Sowles v. Weltman, Weinberg & Reis Co., LPA,* 19-cv-10254 (E.D. Mich. Oct. 23, 2020) (FDCPA); *Pilaraski v. Rent Recover of Better NOI LLC,* 17-cv-8659 (N.D. Ill. Sept. 25, 2019) (FDCPA); *Loveday v. Financial Asset Management Systems, Inc.,* 18-cv-10218 (E.D. Mich. May 24, 2019) (FDCPA); *Dilallo et al. v. Miller and Steeno, P.C., et al.,* 16 C 51 (N.D. Ill. Mar. 16, 2018) (FDCPA); *Patel v. AT&T Services, Inc.*, 15 C 8174 (N.D. Ill. Sept. 20, 2017) (TCPA – Autodialer); *Florence Mussat, M.D., S.C. v. E.S. Medical Supplies and Equipment Inc.,* 16 C 1240 (N.D. Ill. Sept. 13, 2017) (TCPA – Junk Fax); *Tsang v. Zara USA, Inc.*, 15-cv-11160 (N.D. Ill. Nov. 2, 2016) (FCRA – Receipt); *Vasquez v. Zara USA, Inc.,* 15 C 3433 (N.D. Ill. March 8, 2016) (FCRA – Receipt); *Florence Mussat, M.D., S.C. v. Insurance Group of America Holdings, LLC.*, 13 C 7798 (N.D. Ill. May 7, 2015) (TCPA – Junk Fax); *Krishnan et al. v. Autovest LLC*, 13 C 8654 (N.D. Ill. Mar. 27, 2015) (FDCPA); *Paci v. Elmhurst Auto Werks, LTD,* 14 C 1158 (N.D. Ill. Feb. 2, 2015) (FCRA – Receipt); *Pursak v. Lumber Liquidators, Inc.,* 12 C 6984 (N.D. Ill Nov. 17, 2014) (FCRA – Receipt); *Florence Mussat M.D., S.C. v. Betterdoctor, Inc.*, 13 C 8377 (N.D. Ill. July 10, 2014) (TCPA Junk Fax); *Sanders*

*et. al. v. W&W Wholesale, Inc.*, 11 C 3557 (N.D. Ill. Apr. 11, 2014) (FCRA –
Receipt); *Bargains in a Box, Inc.*, 13 C 3964 (N.D. Ill. Mar. 27, 2014) (FCRA –
Receipt); *Florence Mussat M.D., S.C. v. Global Healthcare Resource, LLC,* 11 C
7035 (N.D. Ill. Nov. 1, 2013) (TCPA Junk Fax); *Tang v. Medical Recovery
Specialists Inc*., 11 C 2109 (N.D. Ill) (FDCPA); *Tang v. Pita Inn Inc*, 11 C 3833
(N.D. Ill. May 2, 2012) (FCRA – Receipt); *Balbarin v. North Star Acquisition,* LLC,
10 C 1846 (N.D. Ill. Apr. 12, 2012) (TCPA Autodialer); *O'Hara v. Medieval Times
USA, Inc.*, 3:10-cv-751 (D. N.J. Mar. 6, 2012) (FCRA – Receipt); *Todd v. HB
Windows and Doors*, *Inc.*, 10 C 4986 (N.D. Ill. Aug. 18, 2011) (FCRA – Receipt);
*Seppanen v. Krist Oil Co.*, 2:09-cv-195 (W.D. Mich. Aug. 9, 2011) (FCRA –
Receipt); *Vallejo v. National Credit Adjusters,* LLC, 10-cv-103 (N.D. Ind. Nov. 3,
2010) (FDCPA); *Mitchem v. Northstar Location Services,* LLC, 09 C 6711, (N.D.
Ill. May 13, 2010) (FDCPA); *Housenkamp v. Weltman, Weinberg & Reis, Co. of
Michigan*, Case No. 1:09-cv-10613-TLL-CEB (E.D. Mich. May 11, 2010)
(FDCPA); *Kern v. LVNV Funding, Inc.*, 09 C 2202, (N.D. Ill. Jan. 21, 2010)
(FDCPA); *Prieto et al. v. HBLC, Inc. and Steven J. Fink & Assoc., P.C.*, 08 C 2817
(N.D. Ill. Dec. 15, 2008) (FDCPA); *Dobson v. Asset Acceptance LLC*, 07 C 6203,
(assigned as related to 07 C 5967) (N.D. Ill. 2008) (FDCPA); *Horton v. IQ Telecom*,
07 C 2478 (N.D. Ill. May 5, 2008) (FDCPA).

83.    SERVELLO has retained John A. Evanchek, who is counsel

experienced in class actions brought under the FDCPA.

84.    A class action is superior method for the fair and efficient adjudication of this controversy, indeed, it is believed that most class members do not know that the **COUNT II – ACCOUNT STATED**; AND **COUNT III – UNJUST ENRICHMENT** claims are frivolous when the debt is based upon a contract.

85.    There are no issues of manageability of the proposed Class which is ascertainable from VELO's electronic records

**WHEREFORE,** Plaintiff requests this Honorable court to enter a Judgment against Defendants on Count IV as follows:

A. To certify the Class, with any modifications, or amendments required by the Court;

B. Appoint SERVELLO as the representative for the Class;

C. Appoint Mr. Warner and Mr. Evanchek as counsel for the Class;

D. Statutory damages, attorney's fees and costs under 15 U.S.C. § 1692k; and

E. Subject to the Court's discretion, a reasonable incentive award to SERVELLO for serving as the class representative.

**COUNT IV**
**REGULATION OF COLLECTION PRACTICES ACT**
**FRIVOLOUS CLAIMS OF ACCOUNT STATED**
**AND UNJUST ENRICHMENT**

86.    SERVELLO incorporates paragraphs 1-34 and 58-75 herein.

87.    Federal Court's interpreting the sections of the RCPA look to federal

opinions addressing the mirror provisions found in the FDCPA for guidance. *Gamby v. Equifax Info Servs. LLC*, 462 F. App'x 552, 553 (6th Cir. 2012) (unpublished).

88.     Defendants filing, or causing to be filed, the **COMPLAINT** violated MCL 445.252(e) which prohibits "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. . . ."

89.     Defendants willfully violated MCL 445.252(e).

90.     Defendants filing, or causing to be filed, the **COMPLAINT** violated MCL 445.252(f)(ii) which prohibits, "Misrepresenting in a communication with a debtor 1 or more of the following: (ii) The legal rights of the creditor or debtor."

91.     Defendants willfully violated MCL 445.252(f)(ii).

## CLASS ALLEGATIONS

92.     The proposed class, subject to modification, is defined as: All persons, where Defendants filed a complaint in a Michigan court beginning on a date six-years from the filing of this Complaint, seeking to collect a debt that is not based on a credit card debt or medical debt, in which the complaint alleged in addition to **COUNT I – BREACH OF CONTRACT** also alleged **COUNT II – ACCOUNT STATED** and **COUNT III – UNJUST ENRICHMENT**.

93.     On information and belief, there are more than 40 persons in the class defined in paragraph 93.

94.     The document titled "ACCOUNT" is a form document used by

Defendants in complaints in which **COUNT I – BREACH OF CONTRACT**; **COUNT II – ACCOUNT STATED**; AND **COUNT III – UNJUST ENRICHMENT** are alleged.

95.    There are questions of law and fact common to each class that predominate over any questions affecting only individual class members, whether Defendant's conduct of suing on a non-credit card debt based on a contract but asserting claims **COUNT II – ACCOUNT STATED**; AND **COUNT III – UNJUST ENRICHMENT** conduct violates the FDCPA.

96.    SERVELLO will fairly and adequately protect the interests of the Class as he seeks the same injunctive relief, and his claims are common and typical to the injunctive Class defined herein.

97.    SERVELLO has retained Curtis C. Warner and John A. Evanchek, experienced counsel in handling class actions.

98.    A class action is superior method for the fair and efficient adjudication of this controversy, indeed, it is believed that most class members do not know that the **COUNT II – ACCOUNT STATED**; AND **COUNT III – UNJUST ENRICHMENT** claims are frivolous when the debt is based upon a contract.

99.    There are no issues of manageability of the proposed Class which is ascertainable from VELO's electronic records

**WHEREFORE,** Plaintiff requests this Honorable court to enter a Judgment

against Defendants on Count IV as follows:

    A. To certify the Class, with any modifications, or amendments required by the Court;

    B. Appoint SERVELLO as the representative for the Class;

    C. Appoint Mr. Warner and Mr. Evanchek as counsel for the Class;

    D. Statutory damages, trebled, attorney's fees and costs under MCL 445.257;

    E. Equitable relief under MCL 445.257 in the form of a permanent injunction against Defendants enjoining them from alleging in breach of contract cases the additional counts of **COUNT II – ACCOUNT STATED**; AND **COUNT III – UNJUST ENRICHMENT**; and

    F. Subject to the Court's discretion, a reasonable incentive award to SERVELLO for serving as the class representative.

Respectfully Submitted,
*/s/* Curtis C. Warner
John A. Evanchek (P66157)
Curtis C. Warner (P59915) (*Of Counsel*)
Kelley & Evanchek, PC
43695 Michigan Ave
Canton, Michigan 48188
(734) 397-4540 (Main Office)
John@kelawpc.com
cwarner@warner.legal / (607) 438-3011 (Dir.)